IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DARWIN URBINA,

          Petitioner,

     v.                    CV. 06-538-ST

ELIZABETH GODFREY, TONY LAM,    FINDINGS AND RECOMMENDATION
Officers in Charge, Detention
and Removal Operations, U.S.
Immigration and Customs
Enforcement, Portland Office,
MICHAEL CHERTOFF, Secretary of
Homeland Security, ALBERTO
GONZALES, Attorney General of
the United States, and Any and
all other persons exercising
direct legal custody over the
petitioner,

          Respondents.

STEWART, Magistrate Judge.

     In this 28 U.S.C. § 2241 habeas corpus action, respondents have filed a Motion to Dismiss for lack of jurisdiction (docket #6). For the reasons which follow, that motion should be denied, and respondents should be ordered to answer the Petition.

1 - FINDINGS AND RECOMMENDATION

## LEGAL STANDARD

Where a motion to dismiss for lack of subject matter jurisdiction is brought pursuant to Fed. R. Civ. P. 12(b)(1), petitioner bears the burden of establishing jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). Such a motion will be granted if the petition fails to allege facts sufficient to establish subject matter jurisdiction. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir.2003), cert. denied, 541 U.S. 1009 (2004). Consequently, a Rule 12(b)(1) motion will be granted if the petition, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction.

Alternatively, a respondent may seek dismissal under Rule 12(b)(1) by presenting evidence to refute the jurisdictional facts alleged in the complaint. Once the respondent has introduced such evidence, the petitioner "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id at 1039 n. 3 (citation omitted).

## ALLEGATIONS

The Petition alleges that on September 10, 1997, an Immigration Judge ordered petitioner's deportation to Nicaragua. That order was never enforced, and petitioner remains in the United States.

In 1999, petitioner applied for and received Temporary Protected Status ("TPS"). The following year, petitioner married a lawful United States resident. In April of 2001, his wife filed an I-130 alien relative petition seeking to qualify petitioner as a spouse for immigration purposes. In 2003 during the pendency of the I-130 petition, petitioner's wife became a naturalized citizen.

Petitioner's I-130 petition was approved in 2004, leading him to file an I-485 application to adjust his status to lawful permanent resident in 2005. Petitioner paid the $1,000 penalty fee with his application, but on March 17, 2006, the U.S. Citizenship and Immigration Service ("CIS") administratively closed the I-485 application on the basis that petitioner could not establish that he was admissible to the United States due to the existence of the 1997 deportation order.

Based on the closure of the I-485 file, on April 12, 2006, petitioner filed an I-212 petition asking CIS to waive the 1997 deportation order as a ground of inadmissibility. As of this date, CIS has not taken any action on the I-212 petition. At approximately the same time, petitioner filed: (1) an I-290B administrative appeal of the March 17, 2006 decision closing his I-485 application; and (2) applied for renewal of his TPS benefits which had lapsed. The TPS renewal application is still pending.

According to petitioner, respondents attempted to arrest him at his home on April 19, 2006, for the purpose of deporting him,

3 - FINDINGS AND RECOMMENDATION

but apparently did not do so.  On April 21, 2006, petitioner attempted to surrender himself to respondents.[1]  However, when he arrived at respondents' office, petitioner was told to come back the following Monday.  When petitioner returned on Monday, April 24, 2006, respondents placed him in an Intensive Supervision and Appearance Program ("ISAP") pending his deportation from the United States.  Petitioner's Exhibit 1.  Among other things, ISAP requires petitioner to wear an electronic monitoring device around his ankle, observe a curfew, and agree to unscheduled home visits.  Petitioner's Exhibit 2.

Petitioner asks this court to protect his Fifth Amendment due process rights by enforcing his TPS, thereby preventing his deportation until there has been a ruling upon his I-212 application.  Respondents seek dismissal of this action pursuant to Rule 12(b)(1) on the basis that petitioner is not in custody, thereby depriving the court of jurisdiction to hear the case.

## DISCUSSION

The district court has jurisdiction to entertain petitions for a writ of habeas corpus brought by any individual claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(e)(3).  This remains true for alien petitions after the enactment of the REAL ID

---

[1]  Petitioner's Response gives this date as "Friday, March 24, 2006."  However, April 21, not March 21, was a Friday, and the April 21 date appears to be correct based on the rest of the chronology.

4 - FINDINGS AND RECOMMENDATION

Act of 2005, provided that the petitions do not involve challenges to final orders of deportation, exclusion, or removal.  Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005).

In this case, respondents do not assert that petitioner attempts to challenge a final order of deportation, exclusion, or removal.  Instead, they contend that this court lacks subject matter jurisdiction because petitioner is not, and has not been, in the custody of immigration authorities.  This court disagrees.

As previously noted, district courts have subject matter jurisdiction where a petitioner is "in custody." Garlotte v. Fordice, 515 U.S. 39, 43-44 (1995).  A person need not be physically confined to a prison or other detention facility in order to meet the habeas corpus "custody" requirement. See Jones v. Cunningham, 371 U.S. 236, 243 (1963) (a person on parole who is subject to "restraints not shared by the public generally . . . [that] significantly confine and restrain his freedom" is considered to be "in custody"); Hensley v. Municipal Court, 411 U.S. 345 (1973) (a person released on his own recognizance, but subject to several conditions pending execution of his sentence is "in custody"); McVeigh v. Smith, 872 F.2d 725, 727 (6th Cir. 1989) (habeas petitioner whose sentence of probation was stayed was nonetheless "in custody" for purposes of the federal habeas corpus statute).

Here, petitioner voluntarily surrendered to immigration authorities. In lieu of holding him in a detention facility, the authorities placed him in ISAP, a program which places significant restraints on his liberty by requiring him to wear an electronic monitoring device around his ankle, observe a curfew, and agree to unscheduled home visits. In addition, petitioner is currently under the threat of deportation based on the 1997 removal order. These restraints on petitioner's liberty place him squarely within the habeas corpus "custody" requirement. Accordingly, respondents' Motion to Dismiss for lack of jurisdiction should be denied.

## RECOMMENDATION

For the reasons identified above, respondents' Motion to Dismiss (docket #6) should be DENIED, and respondents should be ORDERED to answer the Petition.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due July 24, 2006. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

///

///

///

///

///

6 - FINDINGS AND RECOMMENDATION

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this 5th day of July, 2006.

/s/  Janice M. Stewart
        Janice M. Stewart
        United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION